# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 23-5205

September Term, 2024

FILED ON: MARCH 14, 2025

SHAWN MARIE MCLANE,

APPELLANT

v.

DOUGLAS BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cv-01397)

Before: SRINIVASAN, *Chief Judge*, KATSAS and GARCIA, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the briefs and the district-court record. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

I

The Civil Service Reform Act (CSRA) restricts the ability of federal agencies to take specified personnel actions against employees. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 5–6 (2012). The CSRA does not apply when an employee voluntarily abandons her job. *See* 5 U.S.C. § 7512; *Perry v. Raimondo*, 101 F.4th 55, 63 (D.C. Cir. 2024); *Barton v. Dep't of Air Force*, 74 M.S.P.R. 236, 241–42 (M.S.P.B. 1997). An abandonment is voluntary unless the employee proves that "a reasonable employee confronted with the same circumstances" would have felt coerced to leave the job. *Garcia v. DHS*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (cleaned up); *see Freedman v. Veterans Admin.*, 23 M.S.P.R. 361, 364 (M.S.P.B. 1984).

II

Shawn McLane worked for the National Park Service (NPS) at a position in Harpers Ferry, West Virginia. In 2010, a coworker followed her home from work and assaulted her. McLane took a leave of absence to recover from her injuries.

When McLane sought to return to work in 2011, her psychiatrist ruled out any position within ten miles of Harpers Ferry. NPS determined that McLane was qualified for only one other available position—a job at the National Mall. NPS offered McLane the position. McLane responded that she was "glad" to have the position, which she described as "a good fit except for travel time and costs." J.A. 287. NPS offered to pay relocation expenses or provide her with a transit subsidy, and it agreed to delay her start date from February 13 to February 22 while she made arrangements for her commute. McLane thanked Jason Unger, her prospective supervisor in the Mall position, for the accommodation. She concluded: "I'm really looking forward to my new position! See you next week!" *Id.* at 280.

McLane then changed her mind. On the morning of February 22, she emailed Unger to decline the Mall position. Unger responded that NPS had already finalized her reassignment from Harpers Ferry, and he directed her to report to work the next business day. She did not. Unger later notified McLane that if she did not report to work by May 6, NPS would assume that she had abandoned her position. After McLane declined to report, NPS deemed her position abandoned, and it removed her from federal service on that basis.

McLane sought review before the Merit Systems Protection Board. She claimed that NPS had forced her out of her position, in violation of the CSRA, Title VII of the Civil Rights Act, and the Americans with Disabilities Act. An administrative law judge dismissed her CSRA claim on the ground that McLane had voluntarily abandoned her position. The ALJ found that McLane had accepted reassignment to the National Mall and then failed to report for duty. J.A. 216, 223. The ALJ further found that McLane's abandonment was voluntary because she failed to prove that NPS had "made her working conditions so intolerable that she had no choice but to leave her employment." *Id.* at 224. On further review, the district court declined to set aside the ALJ's decision and thus granted summary judgment to the government on the CSRA claim. *McLane v. Haaland*, No. 12-cv-1397, 2021 WL 2530657 (D.D.C. June 21, 2021). McLane then stipulated to the dismissal of her other claims and appealed.

### III

Like the district court, we must consider whether the MSPB's decision was "arbitrary or capricious, obtained without compliance with lawful procedures, unsupported by substantial evidence or otherwise not in accordance with law." *Perry*, 101 F.4th at 63 (cleaned up).

### A

The ALJ dismissed McLane's CSRA claim after finding that she voluntarily abandoned her position with NPS. McLane raises four objections to this finding, but none persuades.

*First*, McLane contends that she could not have abandoned the National Mall position because she never accepted it. But ample evidence supports the ALJ's finding that she did. NPS executed an official personnel action transferring McLane to the Mall effective February 13. Moreover, McLane repeatedly stated that she was willing to relocate to the Mall. She asked NPS officials about administrative details related to the new position, and she failed to object when Unger noted on February 22 that she had accepted it.

McLane does not contest any of these facts. Instead, she points to an email where she expressed concerns about travel time and costs. In that same email, however, McLane said that she was "glad" she would "get[] to work" at the Mall. J.A. 292. McLane also flags an email in

2

which she expressed safety concerns with the Mall position. But she did not send it until more than two weeks after her reassignment had taken effect. *See id.* at 122–23.

*Second*, McLane argues that, despite failing to report for her position at the Mall, she expressed a desire to work in a different position closer to home. But an employee can voluntarily abandon one position while still desiring another. As the district court explained:

> McLane's reading of the standard would provide an employee who has voluntarily left a particular job, but who is nonetheless willing to assume some other, more preferable, position, the same procedural protections as those removed involuntarily. That view is at odds with the text of the [CSRA], which draws a distinction between voluntary action by an employee and actions taken by an employer against an employee's will (such as removal) for purposes of the MSPB's jurisdiction.

*McLane*, 2021 WL 2530657, at *5.

*Third*, McLane contends that any abandonment was involuntary because she sought to be restored to employment on May 31, 2011. Even assuming that was not too late, McLane did not ask to be restored to the Mall position. McLane has also argued that her long commute to that position made the abandonment involuntary. But McLane accepted the position fully aware of the commute. Moreover, a plaintiff cannot establish involuntariness merely by alleging that the abandoned position was "unpleasant" or "unattractive." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *see also Lawson v. U.S. Postal Serv.*, 68 M.S.P.R. 345, 350 (M.S.P.B. 1995) ("the fact that an employee is faced with an inherently unpleasant situation or that his choices are limited to unpleasant alternatives does not make his decision involuntary"). And here, NPS offered to mitigate travel costs by paying for relocation expenses or a transit subsidy. In sum, substantial evidence supported the ALJ's finding of voluntariness.

*Fourth*, McLane contends that the abandonment doctrine is moribund. On her telling, agencies' authority to deem positions abandoned came from the Federal Personnel Manual (FPM), which the government rescinded in 1993. But the abandonment doctrine is grounded in statutory text limiting the kinds of personnel actions that trigger employee protections, *see* 5 U.S.C. § 7512, so the MSPB has continued to apply the doctrine. *See, e.g., Carroll v. Dep't of Interior*, 2014 WL 6791369 (M.S.P.B. Dec. 3, 2014). Moreover, the successor manual permits agencies to separate employees who have "abandoned" their positions, and it defines abandonment in roughly the same way that the FPM did: "[w]hen an employee fails to report for duty and does not submit a resignation." Off. of Personnel Mgmt., Guide to Processing Personnel Actions (2017), Ch. 35 at 1; *see also id.*, Ch. 31 at 25.

B

McLane also presses a due-process claim, which fails because she voluntarily abandoned her position. *See Lawrence v. Acree*, 665 F.2d 1319, 1325–26 (D.C. Cir. 1981) (per curiam) (a voluntary employment decision cannot give rise to a due-process claim).

3

IV

For these reasons, we affirm the judgment of the district court.  The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk